*P. Smith*, for plaintiff in error.

*John P. Cook*, for defendants.

———•◦•———

## GRAFT *v.* DILTZ.

In a case tried in the district court on appeal from a justice, it is error to receive notes in evidence, that were not marked as filed by the justice, nor in any way identified by his transcript.

### *Error to Jones District Court.*

*Opinion by* WILLIAMS, C. J. This suit was commenced before a justice of the peace in Jones county. Judgment was entered against Graft the defendant by default, for $25,68, with interest and costs. Defendant took his appeal to the district court. The cause was tried at April term, 1850, and a verdict rendered for the plaintiff for $25,00, for which sum judgment was entered. On the trial in the district court, several exceptions were taken to the rulings of the judge, by the defendant, in which error is here assigned. There are four asignments of error, but as the plaintiff has relied on only one of these for a reversal of the judgment, it is not necessary that the others should be considered. This assignment is, that "the court erred in overruling the defendant's objection to the notes offered in evidence."

The plaintiff below offered in evidence, two promissory

notes, the one calling for fifteen dollars and fifty cents, and the other for eight dollars, signed by the defendant Graft. They were offered to prove and establish the plaintiff's cause of action. The defendant urged his objection to the notes as evidence, on the ground that they had not been marked as filed in the case by the justice, nor is there any statement of either of them in the certified record of the case. That therefore they could not be ascertained, as showing the same cause of action, which was tried by the justice. This objection was overruled by the court, and the notes were read in evidence to the jury. This ruling, we think was erroneous.

In deciding this question, it is only necessary to turn to the statute enacted for the direction of justices on the subject, and it is easily adjusted. The intention of the legislature is manifest. *Rev. Stat.*, 314, § 1, provides, "Every justice of the peace shall keep a docket, in which he shall enter a brief statement of the nature of the plaintiff's demand, and the amount claimed, and if any set-off was pleaded, a similar statement of the set-off, and the amount claimed."

Section two, p. 315, is as follows: "The several items in the preceding section, enumerated together with all the other entries, specially required by this act to be made in the docket, shall be entered under, or opposite to the title of each cause, to which they respectively relate, and in addition thereto, the justice may enter any other proceedings had before him in the cause, which he may think it useful to enter in such docket."

Section four provides that, "In all cases to be tried before a justice of the peace, the plaintiff when he commences his suit, shall set forth *in writing*, *and file* with the justice before the suit is placed upon the docket, or process issued thereon, a plain statement of his demand, or cause of action." Here it is apparent, that for obvious reasons, it is made the duty of a justice of the peace to keep a docket, and enter therein, in each case, the nature of the plaintiff's demand, and the amount claimed. The second

section also refers to the subject matter of the entries, and treats of them, as being *specially required* to be made in the docket. The fourth section requires in specific terms, that at the commencement of the suit, the plaintiff shall set forth in writing, and *file* with the justice before the entry of the case, or the issuance of the process, a plain statement of his demand or cause of action. The statute moreover, requires the district court upon an appeal, to try the same cause of action, that was tried before the justice and no other. *Rev. Stat.*, 335, § 15. These provisions are express and conclusive, and dispose of the question at bar. There is no room for implication. The observance of them by the justice, in order to the proper legal proceedure, is imperative, without a compliance with them there would be nothing certain, by which the identity of the cause of action before the justice, and that before the district court on the appeal, could be established; some entry in the docket, and filing of a documentary statement of the demand is necessary, for the purpose of showing jurisdiction. If this were dispensed with, fraud and great injustice might be the result. A plaintiff might bring his suit before the justice for one demand, and upon failure to recover there, take his appeal, and on the trial in the district court resort to another, to sustain his action; or the case might commence in the justice's court on a very small scale, and being appealed, by the time it would be brought forth for trial in the district court, it might assume great magnitude. The design of the statute is to secure identity, and prevent this oppressive expansion in litigation. In the case at bar, there is no mention made in the certified transcript of the justice's record, of the notes which were offered in evidence; nor is there any indorsement upon either of them, to show that they had been filed with the papers of the case, when it was before the justice. There is no official recognition, or designation of them by the justice, or otherwise, by which they could be identified as the cause of this action when before the justice. This being the state of the case, the district

court erred in permitting them to go to the jury to sustain the plaintiff's action. This court heretofore has decided where the transcript as certified to the district court on appeal, contained an imperfect description of the instrument which was offered in evidence to maintain the action; but, where the instrument itself was duly endorsed, with day and date, "filed," and the signature of the justice officially annexed, attesting it, that this was sufficient, in identification of the cause of action. This we think, was going quite far enough. It has been urged here, that the notes were found among the papers of the case in the district court, which had been sent up by the justice. This may be so, and still, this fact cannot be substituted for those required by the statute. If this were all that might be required, the most ample opportunity would be afforded, to practice the impositions, and perpetrate the wrongs which the legislature intended to prevent. If the legislature had not guarded this matter by such particular and express provision, it would be necessary that some way should be adopted, in accordance with legal practice, by which on appeal, the subject matter of the action, and the amount claimed, should be made to appear, to show the justice who tried the cause, had acted within his jurisdiction. Although in view of the necessity that exists, in cases of this kind, to look with some indulgence, upon proceedings had before justices of the peace, as to the manner and form, in which entries required by law, may be made, still, we cannot approve of, and justify an entire omission of a matter so vital to the administration of law and justice.

Judgment reversed.

*P. & J. M. Smith*, for plaintiff in error.

*J. P. Cook*, for defendant.